Allen, P. and Lee, J.
dissented.
The decree was as follows:
The court is of opinion, upon the facts as they now appear in the record, that the property, real and personal, conveyed by the appellee Putney to David Ruffner, by the deed bearing date March 12,1842, and also the estate, real and personal, formerly belonging to David Ruffner, and to which Putney, or Putney and wife in her right, succeed by devise, bequest, descent or distribution, are chargeable with the debts recited as due from Putney, and assumed by David Ruffner by the deed aforesaid, and any other debts due from Putney for which David Ruffner was security on the 16th of March 1842.
The court is further of opinion, that both parcels of property are also chargeable with any money expended by Lewis Ruffner and Henry Ruffner, or either of them, in relieving the property, or any part thereof, from paramount liens thereon, and for any money expended in needful repairs, and for all proper expenses incurred in prosecuting the work contracted for by the agreement of March 16, 1842.
The court is further of opinion, that Lewis Ruffner and Henry Ruffner, or either of them, will not have the right to make any charge for personal service, care and diligence, under their contract of March 16, 1842, unless in the further progress of the case it shall appear equitable to allow such charge.
*553 The court is further of opinion, that the charges herein before declared to be proper shall be credited by the gross proceeds resulting from the prosecution of the work contracted for by the agreement of March 16, 1842, and the balance, if found against the appellee Putney, shall be charged primarily upon the property conveyed by the deed of March 12,1842, and secondarily on the property to which Putney, or Putney and wife in her right, succeeded after the death of David Ruffner.
The court, regarding the rights of the parties as having been such as hereinafter declared at the time the injunction was dissolved, and being of opinion that the injunction was necessary to preserve those rights, is therefore of opinion, that the order dissolving the injunction is erroneous.
It is therefore adjudged, ordered and decreed, that said order be reversed and annulled; and that the appellants recover of the appellees their costs in this court expended.
And the court, proceeding to make such order as the Circuit court should have made, it is further ordered, that the motion to dissolve the injunction be overruled; and further, that complainants shall amend their bill making parties the personal representatives of David Ruffner, and Ann Ruffner, the wife of Richard E. Putney, Moses M. Fuqua and his wife, the daughter of David Ruffner, and those creditors not already before the court whose debts are charged upon the property or any part of it, to the end that a full and final adjustment and payment, of the charges may be made. And the cause is remanded to be further proceeded in according to the principles herein declared, to be varied only by such facts, hereafter made to appear, as may, according to the principles of equity, require a different rule of decision.